

# THE ATTORNEY GENERAL
# OF TEXAS

PRICE DANIEL.
ATTORNEY GENERAL

AUSTIN, TEXAS

Mar. 15, 1947

Hon. H. A. Hodges
County Auditor
Williamson County
Georgetown, Texas

Opinion No. V-86

Re: When two doctors examine
and certify their findings
to the county judge, or
Court, as to the sanity of
a person, are they entitled
to any fee to be paid by the
county? And a related
question.

Dear Sir:

Your letter of February 11, 1947, in which you requested an opinion of this Department, is in part as follows:

"1. When two Doctors examine and certify their findings to the County Judge, or Court, as to the sanity of a person are they entitled to any fee to be paid by the County? .

"2. In the event the County Judge requests the Doctors to make an examination of an insane person is the County then obligated to pay them a fee - the usual charge of the Doctors being $10.00?"

Articles 3193, 3193a, 3193e and 3193o-1, V.A.C.S., are in part as follows:

"Art. 3193. Who may be admitted.

"A person alleged to be insane, and who is not held on a criminal charge, may be committed to and confined in an institution for the custody and treatment of the insane and of other persons suffering from mental illnesses upon an order made by a county judge of the county in which the alleged insane person resides or may be, adjudging such person to be insane, upon a certificate of insanity made by two properly qualified and licensed physicians, accompanied by a verified petition therefor, or upon such certificate and petition and after a hearing to determine such question, as hereinafter provided. . ."

"Art. 3193a. Necessary certificate.

"No person shall be committed to any institution
for the treatment of the insane and other mentally ill
persons, unless there has been filed with the county
judge a certificate of the insanity of such person by
two properly qualified and licensed physicians, nor
without an order therefor, signed by the county judge,
stating that he finds that the person committed is in-
sane, and is a proper subject for treatment in a hos-
pital for the insane, and either that he has been an
inhabitant of the State for the six months immediately
preceding such time or that provision satisfactory to
the Board of Control has been made for his mainte-
nance, or that by reason of insanity he would be dan-
gerous if at large. The order of commitment shall
also authorize the custody of the insane person eith-
er at the institution to which he shall first be com-
mitted or at some other institution to which he may
be transferred by order of the Board of Control. Nei-
ther of the physicians mentioned in this section shall
be a relative of the person applying for the order, or
of the person alleged to be insane, nor shall he be a
manager, superintendent, proprietor, officer, stock-
holder, or have any pecuniary interest, directly or
indirectly, or be an attending physician in the institu-
tion to which it is proposed to commit such alleged
insane person."

"Art. 3193e. Certificate of physicians.

"If a person is found by two properly qualified
and licensed physicians to be in such mental condition
that his commitment to an institution for the treat-
ment of the insane and other mentally ill persons is
necessary for his proper care or observation, he may
be committed by the county judge to a State Hospital
for thirty-five days pending the determination of his
insanity; within thirty days after such commitment,
the superintendent of the institution to which the per-
son has been committed shall discharge him if he is
not insane, and shall notify the judge who committed
him, or if he is insane he shall report the patient's
mental condition to the judge with the recommenda-
tion that he shall be committed as an insane person
or discharged to the care of his guardian, relatives,
or friends, if he is harmless and can properly be
cared for by them, within the said thirty-five days,
the committing judge may authorize a discharge as

aforesaid, or he may commit the patient to the institution as an insane person, if, in his opinion, such commitment is necessary. If in the opinion of the judge, additional medical testimony as to the mental condition of the alleged insane person is desirable, he may appoint a physician to examine and report thereon."

"Art. 3193o-1. Temporary commitment by county court without jury trial; apprehension and commitment.

"Section 1. (a) If information in writing and under oath be given to any County Judge that any person in his county who is not charged with a criminal offense, is believed to be mentally ill, and that the welfare of himself and/or others requires that he be placed in a State hospital for the mentally ill for not exceeding ninety (90) days for observation and/or treatment, and such County Judge shall believe such information to be true, he shall forthwith, in term-time or vacation, fix a day and place for the hearing and determining of the matter, which place shall be either in the Courthouse of the county, or at the residence of the person named, or at any other place in the county, as the County Judge may deem best for such person and shall give notice to such person of the time and place of such hearing. If, upon the hearing of such matter, two (2) reputable physicians authorized by law to practice medicine in the State of Texas, neither of whom is on the staff of any Texas State Hospital, and each of whom has examined the person alleged to be mentally ill within the preceding five (5) days of said hearing, shall swear that in each of their professional opinions such person is mentally ill, is neither feebleminded, an idiot, an imbecile, nor an epileptic, and that in his opinion such person should be temporarily committed for observation and/or treatment to some State hospital authorized by law to care for and treat mentally ill persons, and if thereupon the County Court finds that such person should be temporarily committed to a State hospital for observation and/or treatment, he shall so state in his order of commitment which shall be entered upon the minutes of said Court and a writ of commitment issued thereupon committing said person temporarily for observation and/or treatment to some State hospital authorized by law to care for and treat mentally ill persons. . ."

In each of the above quoted Articles you will note that it is mandatory that the County Judge require a certificate of the insanity of said person by two properly qualified and licensed physicians be filed before he may be committed by the County Judge to the State Hospital.

If the application, which is pending before the County Judge involves a final judgment or a proceeding looking to a final judgment, with respect to insanity and the commitment is a temporary commitment, the County Judge is governed by Articles 3193, 3193a and 3193e, supra.

If, on the other hand, the application for admission to a State hospital involves merely a proceeding for temporary admission for observation, then we look to Article 3193o-1, supra, and are governed by the provisions of that particular Article. In either instance, however, it is readily seen that it is incumbent upon the County Judge that he require the two doctors' certificates.

In order to ascertain whether or not the doctors who examine the patient who is mentally ill may be paid by the county for making such examination and executing the certificates, we must look to the statutes and see if there is any authority, either expressly or by implication, for such payments.

Article 3193c, V.A.C.S., is in part as follows:

"The reasonable expense for board, lodging, medical care, nursing, clothing and all other necessary expenses incurred by the county health officer under this section, shall be allowed by the commissioners' court and paid out of the general fund of the county."

The last sentence of Article 3193g, V.A.C.S., which pertains to mental patients is as follows:

"Reasonable expenses incurred for the examination of the patient and his transportation to the institution shall be allowed by the commissioners' court and paid out of the general fund of the county in which the patient resides or may be at the time of application."

Article 2351, V.A.C.S., provides in part as follows:

"Each commissioners court shall:

". . .

"11. Provides for the support of paupers and such idiots and lunatics as cannot be admitted into the lunatic asylum, residents of their county, who are unable to support themselves. By the term resident as used herein, is meant a person who has been a bona fide inhabitant of the county not less than six months and of the State not less than one year."

Article 4279 and Article 4280 provide as follows:

"Art. 4279.

"Where the person of unsound mind or habitual drunkard has no estate of his own, he shall be maintained:

"1. By the husband or wife of such person, if able to do so.

"2. By the father or mother of such person, if able to do so.

"3. By the children and grandchildren of such person, if able to do so.

"4. By the county in which said person has his residence."

"Art. 4280.

"The expenses attending the confinement of an insane person shall be paid by the guardian out of the estate of the ward, if he has an estate; and if he has none, such expense shall be paid by the person bound to provide for and support such insane person; and, if not so paid, the county shall pay the same."

It is clearly seen from the above quoted Articles that if the person, who has been adjudged of unsound mind or who is mentally ill, has an estate or if there is some person who is legally liable for the support and maintenance of such person, then the expenses attending the confinement, shall be paid out of the estate of such insane person; and if he has no estate, such expense shall be paid by the person who is legally liable for the support of such insane person; and if not so paid, the county shall pay the same.

Therefore, since it is mandatory that the certificates be

filed, and furthermore, inasmuch as the statute specifically provides that if there are no persons legally liable for the support of such insane person, or if the insane person has no estate, then the county shall pay the same, you are respectfully advised that it is the opinion of this Department that the doctors making such examination and executing the certificates may legally be paid a reasonable fee for such services rendered, said fee to be determined by the Commissioners' Court of said county.

Article 4281, V.A.C.S., provides as follows:

"In all cases of appropriations out of the county treasury for the support and confinement of any person of unsound mind or habitual drunkard, the amount thereof may be recovered by the county from the estate of such person, or from any person who, by law, is bound to provide for the support of such person, if there be any such person able to pay for same."

In view of the foregoing statute, if an appropriation is made out of the county treasury for confinement of any person of unsound mind, the amount may be recovered by the county from the estate of such person, or from any person who by law is bound to provide for the support of said person, if there be any said person able to pay for same.

### SUMMARY

When two doctors examine and certify their findings to the County Judge, or Court, as to the sanity of a person, they are entitled to a reasonable fee, which shall be paid by the County if there is no person legally liable for the support of such insane person, and who is able to so provide or if the insane person has no estate of his own. (Arts. 3193-3193a, 3193o-1, 3193c, 3193g, 4279 and 4281, V.A.C.S.)

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED
MAR 17 1947

*Price Daniel*
ATTORNEY GENERAL OF TEXAS

BY *Bruce Allen*
Bruce Allen
Assistant

BA:djm:sl